

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HERMAN L. BLACK,**

    Plaintiff,

v.                                                             Civil Action No. **3:17CV216**

**PHIL GRIMES,** *et al.,*

    Defendants.

### MEMORANDUM OPINION

Herman L. Black, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Black's Particularized Complaint ("Complaint," ECF No. 13). Black names Phil Grimes and Barbara Meade as Defendants.[2] Defendants have moved to dismiss. Black has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 20) will be GRANTED in part and DENIED in part.

### I. Standard for Motion to Dismiss

When an individual is proceeding *in forma pauperis*, this Court must dismiss the action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Grimes is the Superintendent of the Rappahannock Regional Jail ("the Jail"). Meade is a nurse at the Jail. By Memorandum Opinion and Order entered on June 14, 2018, the Court dismissed without prejudice the claims against the third Defendant, Jason Miller, because Black failed to effect timely service on him. (ECF Nos. 31, 32.)

may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* No. 93-6534, 1994 WL 520975, at *1 (4th Cir. Sept. 23, 1994). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a

plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his or her complaint, *see Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Black's Complaint is rambling and repetitive.[3] At the time he filed the Complaint, Black was incarcerated in the Jail, awaiting transfer to the Virginia Department of Corrections to serve his five-year sentence. Black was transferred into the Virginia Department of Corrections on or around May 1, 2017. (*See* ECF Nos. 8, 11, 30.) Black has a "severe hearing disorder" and requires a hearing aid. (Compl. 1.) Black contends that because Defendants denied him hearing aids, he "was seriously injured by Defendant Jason Miller" because "officers had to enter [his] cell to wake [him] up if [he] was [a]sleep or if [he] was not facing the door, because [he] could not hear them when they came to [his] cell door." (*Id.* at 2.) Black states that

> [s]ome of these officers, including Defendant Officer Jason Miller, would stand at my cell door and throw books, cups, and other things into my cell, hitting me in

---

[3] The Court corrects the capitalization, spelling, and punctuation in the quotations from Black's Complaint.

3

the face [and] in the back of my head with them to wake me up or to get my attention. Sometimes these officers would enter my cell and kick me real hard with their foot to wake me up. This is why I was injured by Defendant Officer Jason Miller because no one would [step] in an[d] stop the assaults . . . .

. . . .

Defendant Phil Grimes was made aware of the assaults of the guards on me. He (Phil Grimes) signed off on all the grievances, including the one that I was assaulted and injured by Defendant Officer Jason Miller. . . . [Superintendent Grimes] stood by and did nothing . . . .

There was a sign posted on my cell door, and I quote, "Inmate Hard of Hearing." This sign was posted on my cell door to let all staff members know that I had a hearing disorder.

On 9/9/2016, I was seriously injured by Defendant Officer Jason Miller . . . [when he] entered my cell to wake me up for mid-day pill call. Defendant Officer Jason Miller grabbed me in an offensive and violent way while I was [a]sleep, acted unlawful, he behaved with disregard for my well-being.

(*Id.* at 2–3.)

Black later describes the alleged assault as follows:

Defendant Officer Jason Miller entered my cell while I was [a]sleep, grabbed my foot and the mat that I was sleeping on, jerked my foot up so hard, folding my body in half in the mat the force that caused serious injuries to my back and my leg. I was sleeping on my side. I was folded up in the mat [and] he forced his weight down on me. . . . I'm still suffering from the injuries caused by Defendant Jason Miller's actions. . . . I now have to use a cane to walk . . . .

(*Id.* at 3–4.) Black contends that he was "assaulted by Defendant Officer Jason Miller several times before [he] was injured by him," but Defendant Grimes failed to step in. (*Id.* at 4.)

Black then vaguely suggests that Defendant Grimes and "Defendant Medical Administrative Barbara Meade put [him] in harm's way when [they] denied [him] medical care for a diagnosed medical need by an outside specialist." (*Id.*) Black suggests he is being denied medical care for injuries caused by Officer Miller including "severe pain in [his] back and [his] leg daily pain" due to cost. (*Id.*)

4

Black demands monetary damages. (ECF No. 15.) The Court construes Black to raise the following Eighth Amendment[4] claims for relief:

Claim One: Defendant Grimes's and Defendant Meade's failure to accommodate Black's need for hearing aids resulted in an attack on Black by an officer.

Claim Two: Defendant Grimes knew of a substantial risk of harm to Black, but ignored that risk, which resulted in a serious injury to Black.

Claim Three: Defendants Grimes and Meade denied Black adequate medical care for his injuries after he was attacked.

As discussed below, the Motion to Dismiss will be granted in part and denied in part. Claim One and Three will be dismissed because Black fails to allege facts that plausibly suggest that Defendants violated his Eighth Amendment rights.

### III. Analysis

#### A. General Eighth Amendment Standard

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Black "must allege 'a serious or

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

5

significant physical or emotional injury resulting from the challenged conditions.'" *Id.* (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

### B. Claim One: Failure to Protect Due to Denial of Hearing Aid

It is clear that the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence." *Farmer*, 511 U.S. at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). However, not every harm caused by another

individual translates into constitutional liability for the officers responsible for the inmate's safety. *See id.* at 834. In order for a plaintiff to state a claim for failure to protect, a plaintiff must allege facts that plausibly suggest that he or she was "incarcerated under conditions posing a substantial risk of serious harm," *id.* (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)), and that the defendant acted with "deliberate indifference" to that danger, *id.* at 837.

In Claim One, Black argues that Defendant Grimes and Defendant Meade are liable for the injuries he sustained when Officer Miller attacked him because they refused to accommodate his need for hearing aids. Black states that he was attacked because he could not hear Officer Miller call him. Defendants contend that Claim One must be dismissed because Black fails to allege facts showing that Defendants knew of and disregarded a substantial risk of harm to Black. Specifically, Defendants argue that the facts as alleged by Black fail to create an inference that Defendants knew of a substantial risk that Black would be subject to excessive force because he lacked hearing aids. (Mem. Supp. Mot. Dismiss 5, ECF No. 21.) As discussed below, Black fails to allege facts that plausibly suggest that Defendants knew of and ignored a substantial risk of violence toward Black by Officer Miller simply because they refused to provide him with hearing aids. Black also fails to allege that the refusal to provide him with hearing aids was the proximate cause of his injuries.

### 1. <u>No Substantial Risk of Harm</u>

"Any time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Here, of course, the violence was inflicted by an officer, not an inmate, but the same law applies. As was the case in *Westmoreland*, "[t]he issue of constitutional import presented in [Black's] action is when the risk of harm becomes so substantial that 'deliberate

indifference' to it, within the meaning of *Farmer v. Brennan*, is the legal equivalent of inflicting 'punishment.'" *Id.*[5] In *Westmoreland*, this Court observed:

> The decisions finding that prison assaults constitute unconstitutional "punishment" have most often done so upon finding one of three species of particularized harm. In the first, the plaintiff has been at some particularized risk individually because of: (i) a personal trait; or (ii) membership in an identifiable class that is particularly vulnerable to harm. In the second, the person who committed the assault has demonstrated an unusually violent nature of which the defendant knows and which makes the assailant a substantial risk to his [or her] fellow inmates. In the third, the defendants were aware that the specific assault was ongoing or had occurred, yet had failed to respond to protect, or to treat, the victim.

*Id.* (internal citations omitted). Here, in Claim One, Black arguably alleges circumstances falling within the first species of particularized harm articulated in *Westmoreland*. However, neither *Westmoreland* nor the relevant jurisprudence suggests that the foregoing list constitutes an exhaustive description of the circumstances giving rise to a constitutionally significant risk of assault. *Id.*

A risk of assault may be sufficiently substantial as to require action by prison officials where it is "highly probable" that a particular attack will occur, or in instances where a particular officer "pose[s] a 'heightened risk of assault to the plaintiff.'"[6] *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see, e.g., Purvis v. Johnson*, 78 F. App'x 377, 379 (5th Cir. 2003) (concluding that plaintiff's allegations that he informed officials four times that his cell-mate was a racist and threatened him every day because he was white, sufficiently stated a claim for failure to protect). Negligence or inadvertence does not suffice; rather, "[i]n order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a

---

[5] In *Farmer*, the United States Supreme Court expressly declined to define "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." *Farmer*, 511 U.S. at 834 n.3.

[6] This second category applies for Claim Two.

8

strong likelihood rather than a mere possibility that violence will occur." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (citation omitted) (alteration in original) (internal quotation marks omitted).

Here, Black alleges that he faced a substantial risk of harm from Officer Miller because Defendant Grimes and Defendant Meade refused to provide him with hearing aids. Clearly, Defendants knew that Black had a hearing disorder. However, Black fails to allege facts suggesting that Defendants knew of and disregarded a substantial risk of harm to Black simply by refusing to provide him with hearing aids. Black also fails to allege facts indicating that the refusal to provide him with hearing aids resulted in even a "mere possibility" much less a "strong likelihood[,] . . . that violence [would] occur." *Id.* (citation omitted) (internal quotation marks omitted). Thus, the risk of harm alleged by Black does not arise to the level of the substantial risk of harm required under the Eighth Amendment.

### 2. No Deliberate Indifference

In Claim One, Black has also failed to plead sufficient facts to plausibly suggest that Defendants acted with deliberate indifference to the risk of assault posed by Officer Miller in conjunction with the denial of the hearing aids. Black fails to allege facts indicating that, by failing to provide Black with hearing aids, Defendants knew of a risk of harm, much less a substantial risk of harm, and disregarded that risk. *See Farmer*, 511 U.S. at 837. Black simply fails to allege facts sufficient to form an inference that "the official[s] in question subjectively recognized a substantial risk of harm" and "that the official[s] in question subjectively recognized that [their] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2).

9

### 3. No Causal Nexus

Black suggests that because Defendants failed to provide him with hearing aids, he was attacked by Officer Miller. However, in order to state a claim under the Eighth Amendment, Black must allege facts suggesting not only that Defendants were deliberately indifferent to a substantial risk of harm posed by the lack of hearing aids, but that this deliberate indifference *caused* the injuries he sustained from the attack by Officer Miller. *See Westmoreland*, 883 F. Supp. at 76.[7] Thus, in order to establish liability of Defendants, Black must prove that Defendants "set in motion events that would foreseeably cause the deprivation of [Black's] constitutional rights." *Morris v. Dearborne*, 181 F.3d 657, 672 (5th Cir. 1999). Black fails to do so. Rather, on the face of the Complaint, it is clear that any conceivable causal connection between the risk to Black's safety allegedly presented by Defendants' refusal to provide him with hearing aids and his September 9, 2016 assault by Officer Miller is "far too attenuated to permit a recovery here." *Best v. Essex Cty. Hall of Records*, 986 F.2d 54, 57 (3d Cir. 1993).

Black indicates that he had a sign on his door notifying officers that he was hard of hearing. Thus, Officer Miller was aware that Black was hearing impaired, and the lack of hearing aids was not the cause of Officer Miller's violent conduct.[8] Black fails to allege facts

---

[7] Under the Eighth Amendment, a necessary component to challenge a prison condition is:
> a serious or significant physical or emotional injury resulting from the challenged conditions. The Eighth Amendment does not prohibit cruel and unusual *prison conditions*; it prohibits cruel and unusual *punishments*. If a prisoner has not suffered serious or significant physical or mental injury *as a result* of the challenged condition, he [or she] simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment.

*Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (emphasis added) (citation omitted).

[8] Black does not allege that "but for" Defendants' refusal to provide him with hearing aids, Officer Miller would not have acted as he did. Rather, in conjunction with Claim Two, Black alleges that Defendant Grimes knew of "the violent propensities of some of the jail

10

indicating that "the assault was a foreseeable consequence," of Defendants' refusal to provide him with hearing aids. *Id.* at 56; *see Lamb v. Mendoza*, 478 F. App'x 854, 857 (5th Cir. 2011) (explaining that, to meet his burden and be entitled to damages, a plaintiff must establish that defendants' deliberate indifference is the proximate cause of any physical injury). Black fails to allege facts that plausibly suggest that Defendants' deliberate indifference to his need for hearing aids was the proximate cause of the attack and his injuries. Black's allegations do not "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Accordingly, Claim One will be DISMISSED WITHOUT PREJUDICE.

### C. Claim Two: Defendant Grimes's Alleged Failure to Protect

In Claim Two, Black contends that Defendant Grimes knew of and disregarded a substantial risk of harm to Black that culminated in the attack by Officer Miller. Black generally argues that unidentified officers "assaulted" him for an unidentified period of time. Black states that, because of his hearing impairment, in order to wake Black up or to get his attention, "officers, including . . . Officer Jason Miller, would stand at my cell door and throw books, cups, and other things into my cell, hitting me in the face [or] in the back of my head" or "kick me real hard with their foot." (Compl. 2.) Black contends that he made Defendant Grimes aware of these alleged assaults through grievances that Black filed. (*Id.* at 2–3.) Black contends that Defendant Grimes "signed off on all of the grievances." (*Id.* at 3.) Black argues that Defendant

---

guards." (Compl. 3.) Even if Defendants were deliberately indifferent in failing to provide him with hearing aids, "the superseding cause doctrine cuts off the liability of an actor when the plaintiff's injury was actually brought about by a later cause of independent origin that was not foreseeable." *Williams v. Hampton*, 797 F.3d 276, 298 (5th Cir. 2015) (citations omitted) (internal quotation marks omitted). The Court also notes that the claim that Defendants violated Black's Eighth Amendment rights by failing to provide him with hearing aids is a claim that Black has raised in a separate civil action pending in this Court. *See Black v. Higgs*, No. 3:16CV349 (E.D. Va. filed June 7, 2016).

11

Grimes was aware that Officer Miller and other unidentified officers were engaged in this conduct, but he failed to "step[] in and put a stop to the assaults," which resulted in the attack by Officer Miller wherein Black sustained injuries. (*Id.*)

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Contrary to Black's suggestion, Defendant Grimes is not liable simply because he supervised Officer Miller. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). However, Black's allegations go beyond supervisory liability. Black also indicates that he made Defendant Grimes aware of the ongoing actions of the officers through his grievances.

### 1. <u>Exhibit-Prevails Rule</u>

Attached to Black's "Motion to Uphold Complaint" ("Response," ECF No. 24), are numerous grievances that Black submitted to Jail authorities. Defendants argue that these grievances demonstrate that Black failed to put Defendant Grimes on sufficient notice of a substantial risk of harm. (Reply 2.) Defendants argue that the content of these grievances do not reflect the unnecessary uses of force alleged in Black's complaint, and that, contrary to Black's suggestion, none of these grievances were reviewed or signed by Defendant Grimes. (*Id.* at 2–3.) While these grievances may prove definitive on summary judgment, as explained below, the Court may not look to these documents in assessing the propriety of dismissal at this stage.

The "exhibit-prevails rule . . . provides that 'in the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (second alteration in original) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

Under this rule, "if a plaintiff 'attaches documents and *relies upon the documents to form the basis for a claim or part of a claim*, dismissal is appropriate if the document negates the claim." *Id.* (emphasis added) (quoting *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)).

Nevertheless, as recently explained by the United States Court of Appeals for the Fourth Circuit:

> The "exhibit-prevails" rule is based on "the presumption that the plaintiff, by basing his [or her] claim on the attached document, has adopted as true the contents of that document." [*Goines*, 822 F.3d] at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* "[I]n cases where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.* "The purpose for which the document is offered is particularly important where the document is one prepared by or for the defendant. Such unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Id.* at 168.

*Bell v. Landress*, 708 F. App'x 138, 138–39 (4th Cir. 2018) (third alteration in original). In *Bell*, the Fourth Circuit concluded that, in dismissing inmate Bell's complaint, the district court improperly relied upon a document attached to the complaint prepared by a prison official. *Id.* at 139.

In their Reply, Defendants fail to explain why the Court can consider any statements in the documents attached to the Response in assessing the contents of the Complaint. Thus, the Court cannot grant the Motion to Dismiss based on these statements.[9] *See Black v. Grimes*, No. 3:17CV61 (E.D. Va. June 19, 2018), ECF No. 28, at 3–4 (explaining to some of the same

---

[9] The Court notes, however, that these documents do tend to show that Black complained frequently about insubstantial matters and do not support his allegations that he informed Defendant Grimes about any serious harm he faced from Officer Miller or that Officer Miller engaged in the conduct that Black alleges in the Complaint. But the Court simply cannot consider these documents in assessing the propriety of the Complaint under Federal Rule of Civil Procedure 12(b)(6).

13

defendants the problem with respect to relying upon documents attached to the complaint as a basis for a motion to dismiss).

### 2. <u>Substantial Risk of Harm</u>

Although Black's allegations are vague, Black has pled sufficient facts to suggest that he made Defendant Grimes aware through his grievances that he faced a substantial risk of harm from Officer Miller through his grievances. For an unidentified period of time, Black alleges that officers, including Officer Miller, threw items at Black and kicked him to get his attention. Black wrote grievances to Defendant Grimes complaining of this conduct. Thus, the Complaint plausibly suggests a strong likelihood that violence would occur between Black and Officer Miller.

Black also has pled sufficient facts to demonstrate that Defendant Grimes acted with deliberate indifference to the risk of assault posed by Officer Miller. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) ("In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he [or she] complained to prison officials about a specific threat to his [or her] safety.'" (first alteration in original) (quoting *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991))). The facts that Black has alleged plausibly suggest that Defendant Grimes was aware that Officer Miller posed a risk to Black and failed to take action to alleviate that risk. *Cf. Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 728–30 (W.D.N.Y. 2015) (denying motion to dismiss with respect to inmate's failure to protect claim because inmate alleged sufficient facts to suggest that officers knew that inmate faced risk of assault from another inmate, but failed to act). Black has alleged facts that plausibly suggest Defendant Grimes acted with deliberate indifference. *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2013) ("A prison official shows deliberate indifference if he [or she] 'knows of and

disregards an excessive risk to inmate health or safety.'" (quoting *Farmer*, 511 U.S. at 837)); *see Purvis*, 78 F. App'x at 379.

Accordingly, the Motion to Dismiss will be DENIED with respect to Claim Two.

### D.  Claim Three:  Alleged Denial of Medical Care After Attack

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

#### 1.  Serious Medical Need

Black provides scant allegations in support of Claim Three. In sum, he alleges:

> I'm being denied medical care for the injuries that was caused by . . . Jason Miller. I suffer from serious back and leg injuries. I suffer with severe pain in my back and my leg daily pain. I now have to use a cane to walk with. I was denied medical care because of cost.
> Defendant Superintendent Phil Grimes denied me medical care because of cost.
> Defendant Medical Administrative Barbara Meade tells me it's not life threatening and denied me medical care for my injuries because of cost.

(Compl. 4.)¹⁰ Although Black's allegations about his medical needs are quite vague, at this juncture, the Court assumes without deciding that they are sufficiently serious.¹¹

### 2. **Deliberate Indifference**

Black fails to allege facts that plausibly suggest that Defendants were deliberately indifferent to his pain. At most, Black indicates that Defendants denied him unidentified medical care due to cost. Black fails to identify with the requisite specificity what medical care he desired, but was denied by the named Defendants. As such, Black's limited factual allegations against Defendants fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683). Black fails to allege sufficiently that Defendants actually perceived that Black faced a substantial risk of harm from the medical care or lack of medical care he received. Thus, Black fails to

---

¹⁰ Black indicates that he was he was "denied . . . medical care for a diagnosed medical need by an outside specialist." (Compl. 4.) Black fails to expound upon this, and the Court assumes that Black is once again referring to his claim that he was denied hearing aids, a claim that is part of a separate civil action filed in this Court.

¹¹ In his Response to the Motion to Dismiss, Black expands his allegations to claim that he was given medication that did not help the pain and he was taken for an X-ray at an outside facility, but was never provided with the results, and was not taken for a follow-up visit with the outside doctor. (Resp. 2.) First, Black may not expand his factual allegations in a brief in opposition to a Motion to Dismiss. Parties have an obligation to introduce, at the earliest stage of litigation possible, the matters upon which they want to rely in supporting their claim or defense. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1488 (2016). This action has been pending before the Court for over a year, and Black has had ample opportunity to refine and restate the complaint. *See id.* at n.20. Second, in his expanded allegations, Black fails to identify that the named Defendants were responsible for the alleged conduct. Black vaguely suggests that he was denied medical treatment, but he fails to identify any personal involvement by the named Defendants. (*See* Resp. 2); *cf. Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (explaining that "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants" (citing *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003))).

demonstrate that Defendants denied him adequate medical care for the injuries he sustained from the incident with Officer Miller. Accordingly, Claim Three will be DISMISSED WITHOUT PREJUDICE.

### IV. Conclusion

The Motion to Dismiss (ECF No. 20) will be GRANTED IN PART and DENIED IN PART. The Claims against Defendant Meade will be DISMISSED WITHOUT PREJUDICE. Claims One and Three will be DISMISSED WITHOUT PREJUDICE. The action will proceed on Claim Two against Defendant Grimes. Any party wishing to file a dispositive motion must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: AUG 23 2018
Richmond, Virginia